**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| CENTER FOR IMMIGRATION STUDIES,<br>1629 K Street, NW, Suite 600,<br>Washington, DC 20006,<br><br>Plaintiff,<br><br>v.<br><br>U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT,<br>500 12th Street, SW,<br>Washington, DC 20536<br><br>Defendant. | ) | Civil Action No. |

**COMPLAINT**

Plaintiff Center for Immigration Studies ("CIS" or "Center") brings this action against U.S. Immigration and Customs Enforcement ("ICE") to compel compliance with the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. Plaintiff alleges the following grounds:

**JURISDICTION AND VENUE**

1. The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

2. Venue is proper in this district pursuant to 28 U.S.C. § 1391(e).

**PARTIES**

3. Plaintiff CIS ("Plaintiff") is a non-profit, research and educational foundation organized under the laws of the District of Columbia and having its principal place of business at

1629 K Street, NW, Suite 600, Washington, D.C. Plaintiff seeks to educate immigration policymakers, the academic community, news media, and concerned citizens with reliable information about the social, economic, environmental, security, and fiscal consequences of legal and illegal immigration into the United States. In furtherance of its public interest mission, Plaintiff regularly requests access to the public records of federal agencies, entities, and offices, and disseminates its findings to the public.

4. Defendant ICE is an agency of the U.S. Government and is headquartered at 500 12th Street, SW, Washington, DC. ICE is a component of the U.S. Department of Homeland Security ("DHS"). ICE has possession, custody, and control of certain public records to which Plaintiff seeks access.

## STATEMENT OF FACTS

5. On December 28, 2021, Plaintiff submitted a FOIA request to ICE by email seeking the following records:

> Please provide the following information for each alien removed by ICE in Fiscal Year 2019, Fiscal Year 2020, and Fiscal Year 2021 following identification via use of IDENT/IAFIS interoperability:
>
> ICE Area of Responsibility
> State
> County
> Name of local LEA generating biometric submission (local arresting or booking LEA)
> Country of Citizenship of the alien
> Entry Date of alien
> Entry Status Code
> Entry Status Latest Case
> Most Serious Criminal Conviction
> Most Serious Conviction Category
> Most Serious Criminal Charge
> Most Serious Criminal Charge Category
> Most Serious Conviction Date
> Most Serious Criminal Charge Date
> Sentence – Years

Sentence – Months
Sentence -- Days
Date of Arrest
Final Order Date
Departure Date
Processing Disposition Code
Charge Section
RC Threat Level
Aggravated Felony Type
Removal Case Category
Book In Date
Book Out Date
Release Reason

Please provide the information for each alien on a separate line item and with an identifying number for each alien. If codes are used, please provide a key to the codes.

Please provide the information on an Excel spreadsheet transmitted electronically to my email address provided below, and/or as a file on a CD mailed to the address below.

6. Pursuant to 5 U.S.C. § 552(a)(6)(A)(i), Defendant was required to determine whether to comply with Plaintiff's FOIA request within twenty (20) working days after receipt of that request and to notify Plaintiff immediately of its determination, the reasons therefore, and the right to appeal any adverse determination. Accordingly, Defendant's determination of Plaintiff's FOIA request was due by January 27th, 2022 at the latest.

7. As of the date of this Complaint, ICE has failed to: (i) determine whether to comply with Plaintiff's FOIA request; (ii) notify Plaintiff of any such determination or the reasons for such determination for the FOIA request; (iii) advise Plaintiff of the right to appeal any adverse determination of the FOIA request; or (iv) produce the requested records or otherwise demonstrate that the requested records are exempt from production.

8. Because Defendant has failed to comply with the time limit set forth in 5 U.S.C. § 552(a)(6)(A) with respect to the FOIA request, Plaintiff is deemed to have exhausted any and all administrative remedies with respect to that request, pursuant to 5 U.S.C. § 552(a)(6)(C).

**COUNT 1**
(Violation of FOIA, 5 U.S.C. § 552)

9. Plaintiff re-alleges paragraphs 1 through 8 as if fully stated herein.

10. Defendant is unlawfully withholding public records requested by Plaintiff pursuant to 5 U.S.C. § 552.

11. Plaintiff is being irreparably harmed by reason of Defendant's unlawful withholding of the requested public records, and Plaintiff will continue to be irreparably harmed unless Defendant is compelled to conform its conduct to the requirements of the law.

WHEREFORE, Plaintiff respectfully requests that the Court: (1) order Defendant to conduct a search for any and all records responsive to Plaintiff's FOIA request and demonstrate that it employed search methods reasonably likely to lead to the discovery of records responsive to Plaintiff's FOIA request; (2) order Defendants to produce, by a date certain, any and all non-exempt records responsive to Plaintiff's FOIA request and a Vaughn index of any responsive records withheld under claim of exemption; (3) enjoin Defendant from continuing to withhold any and all non-exempt records responsive to Plaintiff's FOIA request; (4) grant Plaintiff an award of attorneys' fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and (5) grant Plaintiff such other relief as the Court deems just and proper.

Dated: February 1, 2022

Respectfully submitted,

/s/ Julie B. Axelrod
D.C. Bar No. 1001557
Center for Immigration Studies

1629 K Street, NW, Suite 600
Washington DC, 20006
Telephone: 202-466-8185
FAX (202) 466-8076
Email: jba@cis.org